# JOHN COY v. CASANOVA BAR, INC. AND ANOTHER.[1]

December 19, 1947.

No. 34,507.

*George C. Stetson* and *Ernest F. Jacobson,* for relator.
*Leslie C. Scholle,* for respondents.

LORING, CHIEF JUSTICE.

Certiorari to review a decision of the industrial commission. John Coy, relator, was employed by the Casanova Bar, Inc., at 45 South Fourth street, Minneapolis, on March 14, 1946. It is undisputed that on that date he sustained an accidental injury to his person arising out of and in the course of his employment.

Coy worked as a porter. On the day in question, while passing the cigarette machine on the main floor of the building at about 9 p. m., Coy slipped on what he described as "beer on the floor." In falling, he struck his cheekbone against the cigarette machine and injured his eye. He became unconscious. Later he was assisted to his feet, but he was unsteady and had difficulty in standing. Then he went home, but on his way it was necessary for him to stop frequently to rest. When he arrived home he collapsed on the

[1]Reported in 30 N. W. (2d) 33.

bed and was unable to move until the next day. He obtained medical treatment and returned to work on April 15, 1946.

The industrial commission awarded relator compensation for temporary total disability for a period of 4 4/7 weeks. It further found that the disability sustained by employe after April 15, 1946, was not the result of the accidental injury occurring on March 14 at the Casanova Bar, Inc. The issue here is whether the evidence is sufficient to sustain that finding.

The position of relator is that the facts show without contradiction that he suffered an aggravation of an existing heart condition. The medical testimony is undisputed that Coy was suffering from a heart condition at the time of the accident and that he has so suffered since it occurred. Two physicians, neither of whom was a heart specialist, testified in favor of relator. They agreed that there was a heart condition prior to the accident, and they gave their opinion that this condition was aggravated thereby. One heart specialist testified for respondents that Coy had a heart condition at the time of the accident, but that it was a type of disease which became intensified as time went on, and that the fall which relator suffered did not cause aggravation of the heart condition, which, in his opinion, had become worse since the accident by its own increased intensity. He gave convincing reasons in support of his opinion, and his views were supported by one other physician. Therefore, whether relator suffered an aggravation of the heart condition from the accident was a question of fact for the industrial commission to determine. Its decision is sustained by the evidence.

Order affirmed.